UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MICHELLE DIANE JOHNSTON,

            Plaintiff,

    v.

NANCY A. BERRYHILL, Deputy
Commissioner of Social Security for
Operations,

            Defendant.

CASE NO. 2:17-CV-01359-RSM-JRC

REPORT AND RECOMMENDATION
ON PLAINTIFF'S COMPLAINT

NOTING DATE: September 7, 2018

    This matter has been referred to United States Magistrate Judge J. Richard Creatura

pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as

authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976).  This

matter has been fully briefed.  *See* Dkt. 11, 12, 13.

    After considering and reviewing the record, the Court recommends that the District Court

remand this case because the ALJ did not sufficiently analyze evidence showing that plaintiff's

right shoulder impairment was not severe. The ALJ also erroneously stated that limitations from

non-severe impairments need not be included in the RFC. This was contrary to Social Security regulations and Ninth Circuit law which state that all of a plaintiff's impairments should be considered in the RFC, not only those that arise from severe impairments.  These errors caused the ALJ to implicitly reject plaintiff's testimony regarding her shoulder impairment without assessing probative evidence. This was not harmless error because additional limitations may have been added to the RFC, which may have resulted in a finding that plaintiff is disabled.


## BACKGROUND

Plaintiff, MICHELLE DIANE JOHNSTON, was born in 1983 and was 24 years old on the alleged disability onset date of September 1, 2008. AR. 209-16. Plaintiff has a GED. AR. 54. Plaintiff has some work history as a receptionist and cashier.  AR. 55-56.  Her last job ended when she missed too much work to take care of her daughter.  AR. 55.

According to the ALJ, plaintiff has at least the severe impairments of "seizures, bipolar disorder, anxiety disorder, depressive disorder, migraines, lumbar degenerative disc disease (DDD), panic disorder, pelvic abdominal pain, obesity, and allergies (20 CFR 404.1520(c) and 416.920(c))." AR. 1104.  The ALJ concluded that any of her limitations related to her right shoulder were not a severe impairment. *Id.*

At the time of the last hearing, plaintiff was living with her parents. AR. 1133.


## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following

1  reconsideration. AR. 84, 85, 102, 103. Plaintiff's first hearing resulted in a decision of not

2  disabled. AR. 26-50.  In District Court, the parties stipulated a remand for further administrative

3  proceedings. AR. 1198-1209.  Plaintiff's second hearing was held before Administrative Law

4  Judge Glenn Meyers ("the ALJ") on March 29, 2016. AR. 1127-167. On April 26, 2016, the ALJ

5  issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to

6  the Social Security Act.  AR. 1101-118.

7          On February 6, 2017, the Appeals Council denied plaintiff's request for review, making

8  the written decision by the ALJ the final agency decision subject to judicial review.  AR. 1089-

9  94; *see* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of

10  the ALJ's written decision in September, 2017.  Dkt. 3.  Defendant filed the sealed

11  administrative record ("AR") regarding this matter on January 5, 2018.  Dkt. 9.

12          In plaintiff's Opening Brief, plaintiff raises the following issues: (1) the ALJ failed to

13  properly consider all of the plaintiff's severe impairments and her testimony of subjective pain

14  and limitations resulting from her impairments; (2) the ALJ failed to properly consider Dr.

15  Postovit's opinions upon remand; and (3) the ALJ failed to support his step five findings with

16  substantial evidence. Dkt. 11, p. 1.

17

18                            STANDARD OF REVIEW

19          Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

20  social security benefits if the ALJ's findings are based on legal error or not supported by

21  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

22  Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

23

24

1
## DISCUSSION

2

3    **I.      Whether the ALJ erred at step two of the sequential evaluation process.**

4          Plaintiff asserts that the ALJ erred in his finding that plaintiff's right shoulder impairment

5    was not severe at step two of the sequential analysis. Dkt. 11, p.4.  Plaintiff further alleges that

6    the ALJ did not include in his residual functional capacity ("RFC") analysis all limitations

7    arising from plaintiff's impairments. *Id.* According to Social Security Ruling 96-3p, "[a]

8    determination that an individual's impairment(s) is not severe requires a careful evaluation of the

9    medical findings that describe the impairment(s) (*i.e.*, the objective medical evidence and any

10   impairment-related symptoms), and an informed judgment about the limitations and restrictions

11   the impairments(s) and related symptom(s) impose on the individual's physical and mental

12   ability to do basic work activities." SSR 96-3p, 1996 SSR LEXIS 10 at *4-*5 (*citing* SSR 96-

13   7p). Although "Social Security Rulings do not have the force of law, [n]evertheless, they

14   constitute Social Security Administration interpretations of the statute it administers and of its

15   own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (*citing*

16   *Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988).

17         The ALJ found that the shoulder impairment was not severe because there was a normal

18   x-ray, a lack of longitudinal history, a lack of evidence that the impairment significantly

19   interferes with plaintiff's ability to engage in work activity, and a lack of objective medical

20   evidence to support significant pathology. AR. 1104. He also noted that plaintiff testified that her

21   shoulder pain does not "affect her ability to work, except for limiting lifting/carrying to 15

22   pounds and lifting overhead." AR. 1109.

23

24

1    The ALJ states that there is a lack of evidence "to support the pathology of non-severe

2    impairments." AR. 1104.  However, the record shows that in June 2015, plaintiff was treated for

3    an acute shoulder injury resulting in severe loss of range of motion in plaintiff's right shoulder.

4    AR. 1785; *see generally* AR. 1777-1788.  In February 2016, the record shows that plaintiff was

5    experiencing tingling and numbness in her right arm which caused her to drop things, and that

6    she continued to have a limited range of motion. AR. 1797. The Ninth Circuit has held that "[a]n

7    impairment or combination of impairments can be found 'not severe' only if the evidence

8    establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s

9    ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.1996)(*quoting* Social Security

10    Ruling "SSR" 85-28) (*citing Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988)). There is not

11    substantial evidence to support the ALJ's conclusion that plaintiff's shoulder limitation is not

12    severe because the record indicates that this limitation had more than a minimal effect on her

13    ability to work.

14         Defendant asserts that plaintiff's shoulder impairment does not meet the twelve-month

15    duration requirement. Dkt. 12, pp. 3-4. Pursuant to the Administration's definition of disability, a

16    medically determinable impairment must have lasted, or be expected to last, for a continuous

17    period of not less than twelve months. 20 C.F.R. §§ 404.1505(a), 416.905(a).  Defendant also

18    cites *Roberts v. Shalala,* 66 F.3d 179, 182 (9th. Cir. 1995.) In *Roberts*, the Ninth Circuit

19    determined that Roberts did not meet her burden to show that her obesity impairment would

20    meet the duration requirement because she did not furnish evidence at her hearing showing that

21    her obesity would continue. *Id.*  However, in *Roberts,* the ALJ did review evidence of plaintiff's

22    obesity, whereas in the present case, the ALJ did not discuss probative evidence that plaintiff's

23    shoulder impairment caused limitations that should be included in her RFC.

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 5

1      The evidence suggests that plaintiff's shoulder impairment would likely continue past the

2   hearing date to meet the twelve month duration requirement. Records indicate that plaintiff's

3   shoulder impairment began in June 2015 -- ten months prior to her March 2016 hearing. AR.

4   1785. In February 2016, shortly before her hearing, plaintiff was scheduled for a steroid injection

5   and referred back to physical therapy. AR. 1794. The ALJ did not evaluate this evidence to

6   determine whether the condition could be expected to last at least two more months.  According

7   to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the

8   ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc*

9   rationalizations that attempt to intuit what the adjudicator may have been thinking."  *Bray v.*

10  *Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp*., 332 U.S.

11  194, 196 (1947) (other citation omitted)).  Because the ALJ did not evaluate this evidence, this

12  Court cannot attempt to intuit what he may have done.

13      The ALJ failed to address any shoulder limitation when evaluating plaintiff's RFC,

14  stating that the shoulder impairment "[does] not constitute [a] severe impairment[] and [does] not

15  require any further restrictions than those already contained in the below residual functional

16  capacity assessment." AR. 1104, 1106.  However, pursuant to SSR 96-8p, even if plaintiff's right

17  shoulder impairment is not severe, "the adjudicator must consider limitations and restrictions

18  imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p,

19  1996 SSR LEXIS 5 at *14. The Ninth Circuit recently addressed this issue stating that "[s]tep

20  two is merely a threshold determination meant to screen out weak claims... [and] [t]he RFC

21  therefore *should* be exactly the same regardless of whether certain impairments are considered

22  'severe' or not." *Buck v. Berryhill,* 869 F.3d 1040, 1048-1049 (9th Cir. 2017) (*citing Bowen v.*

23  *Yuckert*, 482 U.S. 137, 146-47 (1987)); *see also Carmickle v. Comm'r, SSA,* 533 F.3d 1155, 1164

24

1    (9th Cir. 2008)(finding that the ALJ erred in not including limitations from Carmickle's non-

2    severe tendonitis impairment in his RFC assessment).  Therefore, it was legal error for the ALJ

3    not to include limitations from plaintiff's right shoulder impairment, whether or not it was a

4    severe impairment.

5            When an ALJ fails to find an impairment severe, the error is not necessarily harmless just

6    because the ALJ proceeds to subsequent steps in the sequential disability evaluation process. *See*

7    *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012). The Ninth Circuit reaffirmed the explanation

8    in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the

9    ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error

10   harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the

11   testimony, could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d

12   1170, 2015 U.S. App. LEXIS 11920 at *7-*8 (9th Cir. July 10, 2015) (*citing Stout v. Comm'r*,

13   *Soc. Sec. Admin,*, 454 F.3d 1050, 1055-56 (9th Cir. 2006) (collecting cases)).

14           Here, the error harmed plaintiff because the ALJ admittedly did not include limitations

15   from plaintiff's shoulder impairment in the RFC, which included reaching overhead. AR. 1106.

16   Doing so may have led to a finding that plaintiff was disabled.  Defendant argues that no

17   provider opined that plaintiff is limited to reaching overhead. Dkt. 12, p.4.  Curiously, defendant

18   makes reference to *Carmickle* to support this assertion. *Id*. However, *Carmickle* clearly holds

19   that once a medically determinable impairment has been established, "the claimant need not

20   produce objective medical evidence of the [symptom] itself, or the severity thereof." *Carmickle,*

21   *supra*, 533 F.3d at 1160 (*quoting Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996).

22   Therefore, the ALJ's failure to include limitations from plaintiff's shoulder impairment, whether

23   or not severe, was not harmless error.

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 7

1    In failing to address the evidence of plaintiff's shoulder impairment, the ALJ implicitly

2    rejected plaintiff's testimony regarding her ability to lift overhead by not including this limitation

3    in his RFC. *See* AR. 1106.  If an ALJ rejects the testimony of a claimant once an underlying

4    impairment has been established, the ALJ must support the rejection "by offering specific, clear

5    and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)

6    (*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)).  The ALJ states that Flexeril had

7    been an effective treatment in the past, that plaintiff had normal reflexes and gait, that she

8    walked one mile per day, and that she went skiing in 2010, as reasons to reject plaintiff's

9    testimony regarding her shoulder impairment. AR. 1109.  However, it is unclear whether the ALJ

10   is referring to the shoulder impairment, or evaluating her back pain and shoulder pain in

11   combination. *See Id.* The medical records cited only discuss plaintiff's back pain. *See* AR. 406,

12   408, 411. Moreover, it is difficult to understand how walking, normal reflexes and gait, and

13   skiing six years prior to her hearing are relevant to plaintiff's shoulder injury. There is no explicit

14   discussion of plaintiff's shoulder impairment, except for the ALJ stating that it is not a severe

15   impairment at step two. AR. 1104. Therefore, the ALJ did not provide specific and legitimate

16   reasons for rejecting plaintiff's testimony regarding her shoulder impairment.

17

18   **II.      Remedy.**

19        Plaintiff alleges that the ALJ committed several other errors.  The step two issue

20   addressing the limitations of plaintiff's shoulder impairment is dispositive and requires remand

21   for further consideration.  Generally, when the Social Security Administration does not

22   determine a claimant's application properly, "'the proper course, except in rare circumstances, is

23   to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379

24

F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292).  Here, outstanding issues must be resolved including: whether the shoulder impairment meets the duration requirement; whether it will result in additional RFC limitations; and whether those additional limitations would result in a finding of disability. Therefore, in this case, it is not appropriate for this Court to award payment of benefits. The matter should be remanded for further consideration.

CONCLUSION

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation.  **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

1    imposed by Rule 72(b), the clerk is directed to set the matter for consideration on September 7,

2    2018, as noted in the caption.

3         Dated this 22nd day of August, 2018.

4

5         J. Richard Creatura
          United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 10